IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLARD ALAN SMITH, | ) |
| Petitioner, | ) ) ) |
| v. | ) 1:13CV911 |
| LARRY DAIL, | ) ) ) |
| Respondent. | ) ) ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has filed a Motion to Dismiss on Statute of Limitations Grounds (Docket Entry 6) and Initial Answer (Docket Entry 5). Petitioner was notified (Docket Entry 8) of his right to reply to the Respondent's Motion to Dismiss (Docket Entry 6) and he filed a Reply (Docket Entry 9).

## Background

On May 9, 2001, a jury found Petitioner guilty in Superior Court, Rowan County of five counts of robbery with a dangerous weapon, in cases 00 CRS 53056-59 and 53064. (Docket Entry 1, §§ 1-6.) He was sentenced to five consecutive terms of 146-185 months of imprisonment. (*Id.* § 3.) Petitioner appealed and the North Carolina Court of Appeals filed an unpublished opinion finding no error on July 1, 2003. *State v. Smith*, 158 N.C. App. 746, 582 S.E.2d 83 (July 1, 2003). On August 11, 2011, Petitioner filed his first Motion for Appropriate Relief ("MAR") in Superior Court, Rowan County, which was denied on December 12, 2011. (Docket Entry 1, § 11(b); Docket Entry 7, Exs. 2 and 3.) On April 22,

2013, Petitioner filed his second MAR in Superior Court, Rowan County, which was denied on May 13, 2013. (Docket Entry 1, § 11(c); Docket Entry 7, Exs. 4 and 5.) On June 25, 2013, Petitioner filed a certiorari petition in the North Carolina Court of Appeals, seeking review of the denial of his second MAR, and it was denied on July 10, 2013. (Docket Entry 1 at 26 and 53.) On August 12, 2013, Petitioner filed a petition for discretionary review with the Supreme Court of North Carolina, seeking review of the Court of Appeals order denying certiorari. (*Id.* at 16.) It was dismissed on August 27, 2013. (*Id.* at 10.) Petitioner filed this action on October 15, 2013; it was signed as of October 9, 2013. (Docket Entry 1.)

## Petitioner's Claims

Petitioner articulates his claims as follows: (1) his "convictions consolidated for trial cannot be used to determine prior record level for conviction," (2) his "offenses used from 4-18-85 [were] used as prior separate points when only the greatest offense can be used," (3) his "sentence is not within the statutory range [and] no factors [were] submitted for sentences," and (4) the trial court "abuse[d] [its] discretion in using [Petitioner's] prior record with [the] offenses being tried." (*See id.* § 12.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed[1] beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 6.) In order to

---

[1] "In [*Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (1988)], the Supreme Court held that a pro se prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." *Morales–Rivera v. United States*, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." *Id.* at 110–11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. *See Allen v. Mitchell*, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition

2

assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added). The record does not reveal any basis for concluding that subparagraphs (B)-(D) of § 2244(d)(1) apply here.[2]

---

was dated March 9, 2000, and it should arguably be treated as having been filed on that date. *Cf. United States v. Torres*, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); *but see Smith v. Woodard*, 57 F. App'x 167, 167 n.* (4th Cir. 2003) (implying that *Houston*'s rule governed filing date of § 2254 petition); *Ostrander v. Angelone*, 43 F. App'x 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (*i.e.*, the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court need not consider this matter further.

[2] In § 18 of his Petition, Petitioner essentially asserts that his Petition is not time-barred because of errors attributable to his prior counsel, the courts, and North Carolina Prisoner Legal Services ("NCPLS"). (Docket Entry 1, § 18.) Petitioner's arguments in support of his late filing seem more akin to arguments for equitable tolling than to arguments invoking subparagraphs (B)-(D). The

3

Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Here, the North Carolina Court of Appeals affirmed Petitioner's criminal convictions on July 1, 2003. Petitioner did not pursue further direct review. Petitioner's convictions thus became final on August 5, 2003, thirty-five days after the July 1, 2003 opinion was issued from the Court of Appeals. *See* N.C. R.App. P. Rules 14(a) and 15(b) (15 days to file from the issuance of the Court of Appeals' mandate to file notice of appeal and/or PDR in North Carolina Supreme Court) and Rule 32(b) (unless court orders otherwise, mandate issues 20 days after written opinion filed); *Saguilar v. Harkleroad*, 348 F. Supp. 2d 595, 598–601 (M.D.N.C. 2004) (Osteen, Sr., J. *adopting recommendation of* Eliason, M.J.), *appeal dismissed*, 145 F. App'x 444 (4th Cir. 2005). Petitioner's one-year limitation period expired one year later on August 4, 2004. However, Petitioner did not file the instant action until, October of 2013. Consequently, the instant action was filed approximately nine years late.

---

undersigned will therefore consider these arguments in greater detail in the equitable tolling section of this Recommendation. Nevertheless, any argument under subparagraph (B) also fails. Even if the undersigned assumed that the alleged errors Petitioner asserts were well-supported, attributable to the state, and amounted to a violation of the Constitution or federal law—all dubious assumptions to one degree or another—these alleged errors could hardly have been the cause of a *nine year* impediment to the filing of the instant action. *See Bryant v. N.C. Prisoner Legal Servs., Inc.*, Nos. 92–6339, 92–6340, 93–6563, 1993 WL 291448, at *1 (4th Cir. Aug. 2, 1993) (unpublished) (recognizing "NCPLS and its attorneys are not state actors"); *Smith v. Bounds*, 657 F. Supp. 1327, 1331–32 (E.D.N.C. 1986); *Winkfield v. Bagley*, 66 F. App'x 578, 582–83 (6th Cir. 2003) ("'Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'" (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001)); *see also Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445 (1981) (holding that a state-paid public defender did not act under color of state law when representing a criminal defendant).

It is true that the instant action would have been subject to statutory tolling if Petitioner had a properly filed post-conviction petition pending in state court during the one-year limitations period. 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (state collateral filings generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)"). However, statutory tolling does not apply here because none of Petitioner's state post-conviction proceedings were pending during the limitations period. In other words, Petitioner's time to file in this Court expired before he made any state court filings. Filings made after the limitations period has ended do not revive or restart it. *Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000).

More specifically, Petitioner filed his MAR on August 11, 2011 and it was denied on December 12, 2011. (Docket Entry 7, Exs. 2 and 3.) He filed a second MAR on April 22, 2013, and it was denied on May 13, 2013. (*Id.*, Exs. 4 and 5.) On June 25, 2013, Petitioner filed a certiorari petition in the North Carolina Court of Appeals and it was denied on July 10, 2013. (Docket Entry 1 at 26 and 53.) Petitioner then filed a petition for discretionary review with the Supreme Court of North Carolina on August 12, 2013 and it was dismissed on August 27, 2013. (*Id.* at 10.) Thus, all of Petitioner's state post-conviction efforts were filed years *after* the federal habeas deadline had expired in the summer of 2004.[3]

---

[3] Petitioner states (Docket Entry 1, § 11) that he filed a motion for appointment of counsel to perfect a MAR on June 21, 2007. Such a motion is not "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," under section 2244(d)(2), and therefore cannot equitably toll. *See, e.g., Jackson v. Ault*, 452 F.3d 734, 736 (8th Cir. 2006) (request for post-conviction counsel does not toll one-year period of limitation). However,

5

Petitioner does not dispute the foregoing time-line. Instead, he sets forth a number of issues apparently asserting that he is entitled to equitable tolling, a doctrine the Supreme Court has ruled applicable in this context. *See Holland v. Florida*, 560 U.S. 631, 648, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1812 (2005)).

Specifically, in § 18 of his Petition, Petitioner states:

> counsel's delay of paperwork, the courts mishandling of case documents, and a[n] unknown filing that was never file[d], but proven none existed and countless grievance on file against attorney John C. Sherrill III file No#11G0325 with State Bar who stated hold off filing anything – here it was prison legal services was the one who stated not to file anything – and latter re-stated I should not the Bar

(Docket Entry 1, § 18.)

Equitable tolling is unwarranted here. First, Petitioner states that his attorney delayed in filing his first MAR, that Petitioner subsequently filed complaints against that attorney with the state bar, and that the state courts also mishandled case documents. However, the December 12, 2011 order denying Petitioner's first MAR indicates that the MAR court had appointed Mr. Carlyle Sherril as Petitioner's attorney for the MAR proceeding on March 3, 2008, which was more than three years after the expiration of the federal habeas deadline described above. (Docket Entry 7, Ex. 3.) Consequently, even if counsel delayed in the

---

even assuming a motion for the appointment of counsel was sufficient to toll the statute of limitations, Petitioner's federal habeas petition would still be years out of time because Petitioner's motion for the appointment of counsel was filed almost three years after his case became final.

filing of Petitioner's MAR, was the subject of complaints to the state bar, and the state courts subsequently mishandled case documents, these alleged errors took place at least three years after the federal habeas deadline had expired. Petitioner does not satisfactorily explain his failure to pursue his rights during those three years. Thus, even if the conduct complained of constituted an extraordinary circumstance that prevented Petitioner from filing a federal habeas petition, an unwarranted assumption in itself, equitable tolling is still unwarranted.

Second, Petitioner's assertion that NCPLS somehow prevented him from complying with the statutory deadline is too vague and conclusory to warrant equitable tolling. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing . . . a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), *abrogated on other grounds recognized by*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999); *see, e.g.*, *Smith v. Virginia*, No. 3:12CV148, 2013 WL 871519, at *4 (E.D.Va. Mar. 8, 2013) ("[C]onclusory allegations fail to meet the high burden required to demonstrate entitlement to equitable tolling."), *appeal dismissed*, Nos. 13–6890, 13–6962 (4th Cir. Aug. 27, 2013); *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). By way of example, Petitioner does not explicitly assert when he sought the assistance of NCPLS, so it is impossible to tell how any representations from NCPLS would impact the limitations analysis. Nor does Petitioner—who has failed to attach to his pleadings any correspondence with NCPLS—state exactly what his communications with that organization entailed, other than to note that he was told "not to file anything" and that he would not be barred.

Petitioner does not explain why NCPLS told him this, when it told him this, or how long it told him to wait before filing anything. Moreover, Petitioner does not address whether NCPLS attorneys mislead him in some way as to their representation of him. Petitioner likewise fails to explain why—if NCPLS did discouraged him from filing—it took him so long to sort through any confusion on this issue and actually file. Petitioner's convictions became final on August 4, 2004. As explained, he filed his first MAR roughly seven years later on August 11, 2011 and filed the instant Petition, at the earliest, roughly nine years later on October 9, 2013.[4] Petitioner has not demonstrated an extraordinary circumstance that prevented him from filing, nor has he demonstrated that he exercised due diligence in pursuing his rights.

Third, Petitioner also references "a[n] unknown filing that was never file[d]." (Docket Entry 1, § 18.) Yet, like his vague and conclusory NCPLS allegation, this allegation also fails to set forth specific details or provide any evidence explaining the contents of the "unknown filing" that would justify the application of the doctrine of equitable tolling in this case. A review of the state court pleadings reveal that there appeared to be some question regarding whether the denial of Petitioner's first MAR was ever appealed to the North Carolina Court of Appeals. (Docket Entry 1 at 7, 13.) The appeal (or lack thereof) may

---

[4] Some doubt exists as to whether, or under what circumstances, the actions of NCPLS would warrant equitable tolling, as this Court has consistently held that delays by NCPLS do not warrant such relief. *See Gray v. Lewis*, No. 1:11CV91, 2011 WL 4022787, at *3 (M.D.N.C. Sept. 9, 2011), *adopted*, slip op. (M.D.N.C. Nov. 4, 2011) (Beaty, C.J.) (unpublished) (citing *Hood v. Jackson*, No. 5:10–HC2008–FL, 2010 WL 4974550, at *2 (E.D.N.C. Dec. 1, 2010) (unpublished) (citing cases)); *Satterfield v. Haynes*, No. 1:10CV836, 2011 WL 4022169, at *4 (M.D.N.C. Sept. 9, 2011), *adopted*, slip op. (M.D.N.C. Nov. 7, 2011) (Schroeder, J.) (unpublished); *Dockery v. Beck*, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. Aug. 1, 2002) (Beaty, J., *adopting recommendation of* Eliason, M.J.) (unpublished). However, given the vague and conclusory nature of Petitioner's equitable tolling claim here as to NCPLS, the undersigned need to definitely resolve this issue.

therefore be the "unknown filing" Petitioner references. If so, the argument fails. As explained, the first MAR was filed years after the limitations period had already expired and Petitioner has failed to account for his lack of due diligence in pursuing his rights during that time. The failure of counsel to appeal the denial of Petitioner's first MAR would not change this analysis. In the end, Petitioner is not entitled to equitable tolling, his Petition was filed out of time, and Respondent's Motion to Dismiss should be granted. An evidentiary hearing in this matter is not warranted.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 6) be **GRANTED**, that the Petition (Docket Entry 1) be **DISMISSED**, and that Judgment be entered dismissing this action.

_____
**Joe L. Webster**
**United States Magistrate Judge**

March 28, 2014